1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11   LARRY TOTTEN, et al.,         )
                                   )
12            Plaintiffs,          )      No. C06-01907 JSW (BZ)
                                   )
13       v.                        )      **REPORT AND RECOMMENDATION**
                                   )      **FOR ENTRY OF DEFAULT**
14   H.L. HEGGSTAD, INC.,          )      **JUDGMENT AND AWARD OF**
                                   )      **ATTORNEYS' FEES**
15            Defendant.           )
                                   )
16   _____  )

17       On July 5, 2006, the Honorable Jeffrey S. White referred

18   to me for a report and recommendation plaintiffs' motion for

19   entry of default judgment against defendant H.L. Heggstad,

20   Inc.  Defendant has never appeared in this action and did not

21   respond to plaintiffs' motion.

22       On March 13, 2006, plaintiffs, Larry Totten and Jose

23   Moreno in their capacities as trustees of various trust funds[1]

24   and the Northern California District Council of Laborers

25   _____

26       [1]     Totten and Moreno filed suit in their capacities as
     trustees of the Laborers Health and Welfare Trust Fund for
27   Northern California, Laborers Vacation-Holiday Trust Fund for
     Northern California, Laborers Pension Trust Fund for Northern
28   California and Laborers Training and Retraining Trust Fund for
     Northern California (collectively, "Trust Funds").

                                   1

1   ("Council of Laborers") for itself and on behalf of Laborers'

2   Local 73, filed a petition and complaint under section 301 of

3   the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185,

4   and section 502 of the Employee Retirement Income Security Act

5   ("ERISA"), 29 U.S.C. § 1132, requesting confirmation of a

6   final and binding arbitration award entered against

7   defendant,[2] an award of attorneys' fees and other relief.

8   According to the complaint, defendant is bound by a written

9   collective bargaining agreement, the Laborers' Master

10  Agreement and various Trust Agreements (collectively, the

11  "Agreements"), which obligate it to pay Trust Funds the hourly

12  amounts specified for each hour paid or worked by its

13  employees covered by the Agreements and to submit to an audit

14  to determine whether all fringe benefit contributions have

15  been timely paid.[3]  Compl. ¶¶ VI-VIII.

16      Plaintiffs further allege that because of a dispute over

17  the application or interpretation of the Agreements, a

18  grievance arose between the parties.  Compl. ¶ XI.  Pursuant

19  to the Agreements, plaintiffs followed the steps outlined in

20  the grievance procedure and ultimately submitted the dispute

21  to the Board of Adjustment (the "Board") for a hearing in

22

23      [2]    The court has original jurisdiction over the LMRA and
    ERISA claims.  29 U.S.C. § 185(c); 29 U.S.C. § 1132(e).
24  Pursuant to 28 U.S.C. § 1367(a), the court has supplemental
    jurisdiction over the claim seeking confirmation of the
25  arbitration award because it is "so related to claims in the
    action within such original jurisdiction that [it] form[s] part
26  of the same case or controversy."

27      [3]    Plaintiffs' counsel's answers at oral argument and
    the declarations of Andrea Atkins and Nicole Phillips also
28  establish that defendant is bound by the Agreements.

                                2

1   September 2004.  Compl. ¶¶ X-XI.  Defendant failed to appear.

2   The Board issued an award in favor of plaintiffs by majority

3   vote[4] requiring defendant to pay plaintiffs sixty-nine hours

4   of wages plus fringe benefits, sixty days waiting time for

5   wages plus fringe benefits and $50.00 for bounced check fees.

6   See Compl., Ex. C.  In addition, the award requires defendant

7   to submit to an audit to determine the fringe benefits due on

8   behalf of all laborers covered who worked for defendant

9   between the date of the last audit and the date of entry of

10  the award.  Id.  Plaintiffs allege that they have made demands

11  upon defendant to enforce the Board's award, but defendant has

12  refused to comply.  Compl. ¶ XIII.  Plaintiffs filed this

13  action in part to compel defendant to comply with the Board's

14  award.

15      Plaintiffs served defendant with the complaint on April

16  7, 2006.  Defendant did not answer or otherwise defend this

17  action, and the Clerk entered defendant's default on May 9,

18  2006.  By its default, defendant has admitted the well-pleaded

19  averments of the complaint.  See Fed. R. Civ. P. 8(d).

20      Plaintiffs moved for default judgment, which came on for

21  hearing September 6, 2006 to determine the amount of damages.

22  Defendant failed to appear.

23      Pursuant to Rule 55(b)(2), the court may enter a default

24  judgment against a party against whom default has been

25  entered.  The decision to grant or deny a default judgment

26  _____

27  [4]    Pursuant to the grievance procedure outlined in the
    Agreements, the participation of an impartial arbitrator was
    not required because the Board had reached a majority vote.
28  See Compl., Ex. A, Laborers' Master Agreement, Section 9.

1   under Rule 55(b) is within the discretion of the court.   <u>Eitel</u>

2   <u>v. McCool</u>, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

3        A court will not examine the merits of a dispute which

4   the parties have submitted to arbitration under an agreement

5   to be bound by the award.   <u>Ficek v. Southern Pacific Co.</u>, 338

6   F.2d 655 (9th Cir. 1964), *cert. denied*, 380 U.S. 988 (1965).

7   "[I]f, on its face, the award represents a plausible

8   interpretation of the contract in the context of the parties'

9   conduct, judicial inquiry ceases and the award must be

10   affirmed."   <u>Holly Sugar Corp. v. Distillery, Rectifying, Wine</u>

11   <u>& Allied Workers International Union, AFL-CIO</u>, 412 F.2d 899,

12   903 (9th Cir. 1969).   An arbitrator's award should not receive

13   deference if the decision does not draw its essence from the

14   contract and the arbitrator dispensed his own brand of

15   industrial justice, the arbitrator exceeded the boundaries of

16   issues submitted to him, or the award is contrary to public

17   policy.   <u>See</u> <u>Federated Dep't. Stores v. United Foods &</u>

18   <u>Commercial Workers Union, Local 1442</u>, 901 F.2d 1494, 1496 (9th

19   Cir. 1990).   None of these exceptions exist in this case, and

20   analyzing the award under this standard, I find that the

21   Board's award is valid and enforceable.

22        The award does not specify dollar amounts for the wages

23   and fringe benefits awarded.   To prove these amounts,

24   plaintiffs have submitted a declaration from Cedric Porter,

25   the grievance chairman for the Council of Laborers and the

26   assistant to the business manager.   Mr. Porter is responsible

27   for reviewing all district council grievances and is familiar

28   with the district council's file for defendant.   Mr. Porter

4

1   avers that he was present at the hearing before the Board in

2   September 2004 and that the minutes accurately represent what

3   occurred.   The Porter declaration establishes that the Board

4   awarded a total of $8,690.26 in wages and $4,317.90 in fringe

5   benefit contributions.   Porter Decl. ¶ 3.

6        Based upon my review of the record and plaintiffs'

7   counsel's answers at oral argument, I recommend that the

8   Board's award in the minutes dated September 15, 2004 be

9   confirmed and enforced.   Pursuant to that award, I recommend

10  that the court order defendant to submit to an audit to

11  determine fringe benefits due on behalf of all covered

12  laborers who worked for defendant in the specified time

13  period and to pay plaintiffs sixty-nine hours of wages plus

14  fringe benefits, sixty days waiting time for wages plus

15  fringe benefits and $50.00 for bounced check fees, for a

16  total dollar amount of $8,690.26 in wages, $4,317.90 in

17  fringe benefit contributions and $50.00 for bounced check

18  fees.

19       Plaintiffs also seek $3,727.50 in attorneys' fees and

20  $389.00 in costs.   Reasonable attorneys' fees and costs of

21  the action may be awarded to a Trust Fund that receives a

22  judgment in its favor.   See 29 U.S.C. § 1132(g)(2)(D).

23  Concepcion Lozano-Batista, one of the attorneys for

24  plaintiffs, in her Supplemental Declaration in Support of

25  Motion for Default Judgment ("Lozano Decl."), calculates that

26  she along with other attorneys in her firm have billed

27  $3,600.00 at a rate of $225.00 an hour for time spent in

28  prosecuting this action.   See Lozano Decl. ¶ 2.   From these

5

1  figures, the court has calculated that plaintiffs' attorneys

2  have spent sixteen hours of work on this case.  Ms Lozano-

3  Batista further declares that two paralegals, who bill at

4  rates of $75.00 per hour and $90.00 per hour respectively,

5  billed $127.50 for work performed on this case, which is

6  included in the total attorneys' fee request.  Id. at ¶ 3.  A

7  review of the record and the Lozano declaration indicates

8  that the time spent by plaintiffs' attorneys was reasonable

9  and necessary to seek a court order confirming the Board's

10  award and to obtain a default judgment in their clients'

11  favor, and is therefore recoverable.  See 29 U.S.C. §

12  1132(g)(2)(D).  The rate charged is also reasonable in

13  relation to the work performed.  See id.  Plaintiffs also

14  incurred $389.00 in costs consisting of filing fees and costs

15  associated with service of process.  Lozano Decl. ¶ 5.

16  Plaintiffs' request for $3,727.50 in attorneys' fees and

17  $389.00 in costs is reasonable and should be awarded.

18      Plaintiffs also request an order that defendant pay all

19  amounts found due and owing as a result of the audit plus

20  interest.  However, without the audit, plaintiffs cannot

21  prove up their damages, which is necessary before the court

22  can make such an order part of a default judgment.

23  Therefore, I recommend that this request be denied.

24      Plaintiffs also seek an order directing and permanently

25  enjoining defendant to perform its obligations and timely

26  submit all required monthly contribution reports,

27  contributions due and owing plus interest and liquidated

28  damages.  "[T]he bases of injunctive relief are irreparable

6

1    injury and inadequacy of legal remedies."  Amoco Prod. Co. v.

2    Village of Gambell, AK, 480 U.S. 531, 542 (1987); see also

3    Midgett v. Tri-County Metropolitan Transp. Dist. of Oregon,

4    254 F.3d 846, 850 (9th Cir. 2001)("In order to be entitled to

5    an injunction, Plaintiff must make a showing that he faces a

6    real or immediate threat of substantial or irreparable

7    injury.").  Plaintiffs have not demonstrated that they face a

8    threat of substantial or irreparable injury nor have they

9    established that their legal remedies are inadequate.  In

10   light of the judgment for unpaid contributions and attorneys'

11   fees and costs, I see no need for an affirmative injunction

12   to guarantee compliance with the Agreements.  I therefore

13   recommend that the injunctive relief requested by plaintiffs

14   be denied.

15        Finally, plaintiffs request that the court order an

16   accounting between the parties, but such request is vague and

17   appears to be indistinguishable from an audit.  I recommend

18   that the request for an accounting be denied to the extent

19   that it is different from the audit included in the Board's

20   award which I recommended be confirmed.

21        For the reasons set forth above, I recommend that

22   judgment be entered in plaintiffs' favor for $17,174.66,

23   which includes $8,690.26 in wages, $4,317.90 in fringe

24   benefit contributions, $50.00 in bounced check fees,

25   $3,727.50 in attorneys' fees and $389.00 in costs.  I also

26   recommend that pursuant to the Board's award defendant be

27   ordered to submit to an audit to determine fringe benefits

28   due on behalf of all covered laborers who worked for

7

1 | defendant from the date of the last audit to the date of

2 | entry.  In addition, at plaintiffs' request, I recommend that

3 | the court retain jurisdiction for six months to enforce such

4 | order.

5 |     I further recommend that plaintiffs' requests for an

6 | order enjoining defendant to timely submit all required

7 | monthly contribution reports, contributions due and owing

8 | plus interest and liquidated damages, an order for an

9 | accounting between the parties and an order for defendant to

10 | pay contributions due as result of the audit ordered and for

11 | interest on amounts due be denied.

12 | Dated:   September 14, 2006

13 | _____
    |                    Bernard Zimmerman

14 |              United States Magistrate Judge

15 | G:\BZALL\-REFS\HEGGSTAD\DEF.JUD.REC2.wpd

8